IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT A. CERVANTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | JURY DEMAND |
| NASHVILLE MACHINE ) | |
| COMPANY, INC. ) | |
| ) | Judge _____ |
| ) | Magistrate Judge _____ |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes now Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant: <u>Count One</u> - Violations of the Civil Rights Act of 1991, 42 U.S.C. § 1981; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and <u>Count Three</u> - Violations of the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq.*

1. Plaintiff, Robert A. Cervantes, resides in Sumner County, Tennessee.

2. Defendant, Nashville Machine Company, Inc. has its principal place of business at 530 Woodycrest Avenue, Nashville, Davidson County, Tennessee. Process can be served through its' registered agent, Donald B. Orr, 530 Woodycrest Avenue, Nashville, TN 37210.

### JURISDICTION AND VENUE

3. This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; and the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq* and the common law of the State of Tennessee.

1

under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATION

8. Plaintiff is a Hispanic male re-hired by Defendant in July, 2007.

9. Defendant employs more than 500 employees in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

10. Plaintiff was hired as a construction helper/temporary mechanic required to ensure mechanics were prepared with tools and materials for elevator installation. At times, Plaintiff was tasked with the responsibility of elevator installation.

11. From July 2007 until his lay-off, Plaintiff worked continually in this capacity.

12. On or about May 11, 2009, Plaintiff was laid off with other workers. The reason given was lack of work. Plaintiff was told by management that he and other workers would be called back in approximately one year. However, within one month, Defendant began bringing laid off workers back to work. Defendant brought back employees outside of Plaintiff's protected class,

Hispanic. To date, Defendant has brought back to work approximately twelve workers, none of which is Hispanic.

13. Plaintiff has been discriminated and retaliated against in the re-hire process of Defendant due to being Hispanic.

17. Plaintiff was also subjected to racial remarks while employed with Defendant. The construction supervisor would routinely refer to Plaintiff as "fat mexican," "Julio," "G– D–––– Mexican," and would tell Plaintiff that he was "the closest thing to a n–––––" because of Plaintiff's dark complexion. Plaintiff complained of the discrimination and harassment.

18. The harassment, retaliation and discrimination rose to such a level that it substantially interfered with Plaintiff's ability to perform his job.

19. Plaintiff was subjected to harsher performance and job retention standards than his white counter-parts.

20. Plaintiff's race/national origin, Hispanic, and prior complaints of discrimination were the motivating factor in his discipline and non-selection for job opportunities.

21. Defendant has demonstrated a policy, practice, and custom of discriminating against Hispanic employees because of their race/national origin.

## COUNT ONE
### Violations of the Civil Rights Act of 1991, 42 U.S.C. 1981
### Against Defendant

22. Defendant's conduct described herein and failure to rehire Plaintiff violated the Civil Rights Act of 1991, 42 U.S.C. 1981.

23. Defendant acted intentionally, recklessly, or maliciously when it failed to rehire and constructively discharged Plaintiff in violation of the Civil Rights Act of 1991.

3

24. Defendant's discipline, non selection and constructive discharge of Plaintiff was a part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991.

25. As a direct and proximate result of Defendant's violation of the Civil Rights of 1991, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT TWO
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

26. Plaintiff filed his charge with the EEOC and demanded his Right to Sue Letter.

27. Defendant has over 500 employees.

28. During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such, is subject to the rule, regulations and penalties of this law.

29. Defendant denied Plaintiff the opportunity to be employed under standards which were afforded white employees.

28. Defendant engaged in, condoned, and ratified harassing and discriminatory conduct of its employees which resulted in racially hostile work environment.

29. Defendant is directly or vicariously liable for race/national origin discrimination under Title VII which results from the discriminatory practices and policies of its employees.

30. This discrimination on the part of Defendant constitutes a violation of the Plaintiff's rights under Title VII.

4

31. The discriminatory employment practices, described herein, have caused Plaintiff to experience harm, including loss of compensation, wages back and front pay, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE
### Violations of the Tennessee Human Rights Act Against Defendant

32. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

33. Defendant is a "person" as defined by the Tennessee Human Rights Act.

34. Defendant did segregate or classify Plaintiff based upon his race/national origin in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee in violation of T.C.A. §4-21-401.

35. Defendant's discipline and termination of Plaintiff resulted from a knowing and intentional pattern of discrimination in violation of the Tennessee Human Rights Act.

36. As a direct and proximate result of Defendant's violation of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Punitive damages;

3. Attorney's fees and the cost of litigation to include expert fees;

4. Damages for humiliation and embarrassment;

5. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

6. A judgment against Defendant for prejudgment interest; and

7. Such other relief as this Court deems proper.

Respectfully submitted;

KELLY, KELLY & ALLMAN

BY: _____
ANDY L. ALLMAN #17857
629 East Main Street
Hendersonville, TN 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674
*Attorney for Plaintiff*

6